## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 711 | DATE | 2/24/2004 |
| CASE TITLE | MAMADOU ALARENY BARRY vs. JOHN ASHCROFT | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MEMORANDUM OPINION AND ORDER**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Petitioner's motion to proceed in forma pauperis is granted and his motion for appointment of counsel is denied. Status hearing is set for May 5, 2004 at 9:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: LG

date docketed: FEB 2 5 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAMADOU ALARENY BARRY, )
)
Plaintiff, )
)
vs. ) No. 04 C 711
)
JOHN ASHCROFT, Attorney General of U.S., )
)
Defendant. )

DOCKETED
FEB 2 5 2004

## MEMORANDUM OPINION AND ORDER

Mamadou Alareny Barry filed this petition for a writ of habeas corpus against United States Attorney General John Ashcroft, alleging that his continued detention, while awaiting deportation, is unconstitutional. Along with his request for a writ, petitioner filed a motion to proceed *in forma pauperis* and a motion for appointment of counsel.

Pursuant to 28 U.S.C. § 1915(a) we may authorize petitioner to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. In his financial affidavit petitioner states that he is incarcerated in the Tri-County Detention Center in Ullin, Illinois; that he was last employed in December 2002; and that he has no assets. Petitioner has evidenced his inability to pay.

Our inquiry does not end there, however. As part of the initial review of a petition to proceed *in forma pauperis*, we analyze the claims and dismiss the petition if we determine that the action is frivolous or malicious, or it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). Petitioner provides scant details regarding his detention. However, given that he appears *pro*



*se*, we construe his pleadings liberally. *See* Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999). For purposes of this decision, we take petitioner's allegations as true. *See* Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). The Attorney General found petitioner to be a non-citizen and "excludable/inadmissible[1] to the United States." More than six months have passed since the Attorney General reached his findings, during which time the Immigration and Naturalization Service (INS) has detained petitioner pursuant to 8 U.S.C. § 1231(a)(6). Though there is no reasonable likelihood that the United States can deport petitioner to his country of origin in the foreseeable future, the INS continues to detain him. In seeking his release, petitioner has exhausted his administrative remedies and seeks judicial review under 28 U.S.C. § 2241, allowing for writs of habeas corpus.

Petitioner argues that he is entitled to a writ of habeas corpus because his continued detention is not authorized under 8 U.S.C. § 1231(a)(6), or in the alternative, that the statute violates the due process clause of the Fifth Amendment. A writ of habeas corpus can be granted to a petitioner who is "in custody under or by color of the authority of the United States . . . or . . . is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). The Supreme Court has ruled that habeas corpus proceedings are an appropriate forum to challenge post-removal-period detention by the INS. Zadvydas v. Davis, 533 U.S. 678, 688 (2001).

---

[1] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104-208, 110 Stat. 3009, 3009-546 (1996), made significant changes to the previously enacted Immigration and Nationality Act (INA). Under the INA aliens who were ineligible for admission to the United States were described as "excludable." *See* Benitez v. Wallis, 337 F.3d 1289, 1291 n.5 (11th Cir. 2003). Under the new act "excludable" aliens are now referred to as "inadmissible" aliens. *See* 8 U.S.C. § 1182. We use the terms "inadmissible" and "excludable" interchangeably throughout this opinion, as does Barry in his petition. "Inadmissible" aliens are in contrast with "deportable" aliens who gained admission to the United States, but now, for some reason, are ordered to be removed. "Removal" and "removal proceedings" apply to both "inadmissible" aliens and "deportable" aliens under the IIRIRA. *See* 8 U.S.C. § 1229a.

Section 1231(a)(6) states that inadmissible or deportable aliens, who are ordered removed, may be detained by the INS beyond the standard 90-day removal period. The Supreme Court has addressed whether § 1231(a)(6) authorizes the United States government to detain an alien indefinitely while attempting to remove him. Zadvydas v. Davis, 533 U.S. 678 (2001). In Zadvydas, two resident aliens filed habeas petitions seeking release from detainment. *Id.* at 684-85. The Supreme Court held that if, after six months detention, an "alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

In reaching its decision, the Court noted a distinction between the rights of aliens who had been admitted into the United States and the rights of excludable aliens who had not been admitted. *Id.* at 693. The Court made clear that its holding only applied to admitted aliens. *Id.* at 682 ("We deal here with aliens who were admitted to the United States but subsequently ordered removed. Aliens who have not yet gained initial admission to this country would present a very different question.") Though petitioner indicates that he was not an admitted alien, but rather an inadmissible alien, he argues that Zadvydas should be read to limit the detention of all aliens. The Sixth and Ninth Circuits have applied the holding in Zadvydas to both resident aliens and inadmissible aliens. *See* Rosales-Garcia v. Holland, 322 F.3d 386, 405-06 (6th Cir. 2003); Xi v. INS, 298 F.3d 832, 835-36 (9th Cir. 2002). The Seventh Circuit has ruled that Zadvydas does not apply to inadmissible aliens. Hoyte-Mesa v. Ashcroft, 272 F.3d 989, 991 (7th Cir. 2001); *see* Yero-Porro v. Ashcroft, 2003 WL 21312665 at *3 (N.D.Ill. 2003). It found that Zadvydas reaffirmed the Supreme Court's prior holding that "the United States

could constitutionally detain an excludable alien indefinitely if his country of origin refused to accept his return." Hoyte-Mesa, 272 F.3d at 991. Therefore, under current circuit law petitioner fails to allege that the government is violating 8 U.S.C. § 1231(a)(6) by detaining him more than six months after a finding of his inadmissibility. Current circuit law also precludes petitioner's claim that the statute violates his substantive due process rights.

Petitioner also argues that he has been denied his procedural due process rights. He states that the procedures employed by the government in continuing his detainment do not satisfy due process. Though petitioner claims that no administrative review of the decision to detain him is available, 8 C.F.R. § 241.4(k)(2)(iii) provides for annual reviews of the decision to detain an alien beyond the removal period, and 8 C.F.R. § 241.13(j) allows for reviews every six months of the likelihood of removing an alien in the foreseeable future.[2] Though federal regulations contradict petitioner's claim that he has no access to administrative review, his allegations that the administrative procedures, as written and as applied, are inadequate to satisfy due process, may have more merit. Petitioner states that the procedures fail to ensure timely review, fail to ensure that findings are communicated to petitioner, fail to protect the right of the petitioner to be represented, and fail to allow petitioner to cross examine witnesses or review evidence against him. He also maintains that the government habitually fails to advise petitioner and counsel of the time and place of upcoming hearings, often held in remote locations.

Petitioner states that the Attorney General found him to be an inadmissible alien (a

---

[2] The procedures outlined in 8 C.F.R. § 241.13 do not apply to petitioner if he never actually entered the United States, was paroled into the United States after being detained at the border, or is a Mariel Cuban whose parole is governed by the Cuban Review Plan described in 8 C.F.R. § 212.12. To determine which administrative procedures are available to petitioner, we need more facts regarding his case.

determination which he does not dispute), but he does not state whether he was found to be inadmissible after being stopped at the border or after gaining illegal entry into the United States. This is an important distinction when determining an inadmissible alien's procedural due process rights. The Supreme Court has stated that "'[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.'" Shaughnessy, 345 U.S. at 212; *See* Yerro-Porro, 2003 WL 21312665 at *3 (2003). On the other hand, an alien who has gained entry into the United States, even illegally, is protected by due process, though the "nature of that protection may vary depending upon status and circumstance [citation omitted]." Zadvydas, 533 U.S. at 693-94; *see* Shaughnessy, 345 U.S. at 212. The procedural due process owed to the petitioner depends on the facts of his case.

In Hoyte-Mesa, the Seventh Circuit found that administrative review procedures provided under the Cuban Review Plan, 8 C.F.R. § 212.12, satisfied due process for an excludable alien who had been stopped at the border and paroled into the United States. The Cuban Review Plan applies to Cuban immigrants who came to the United States during the 1980 Mariel boatlift, were taken into custody at the border, and were denied parole into the United States, or had their parole revoked. 8 C.F.R. § 212.12(a). Under the Cuban Review Plan, a panel issues a recommendation regarding a detainee's eligibility for parole based on his file. 8 C.F.R § 212.12(d)(4). If the recommendation is not in support of parole, then the panel conducts a personal interview with the detainee, to which he can bring another person of his choice. *Id.* After the interview, a written recommendation regarding parole is made to the Associate Commissioner of Enforcement. *Id.* If the Associate Commissioner does not grant the detainee parole, a subsequent review regarding release shall be commenced within

one year. 8 C.F.R. § 212.12 (g)(2).

We cannot determine whether procedural due process is satisfied in petitioner's case as it was in Hoyte-Mesa, for two reasons: 1) we do not know whether petitioner is an inadmissible alien who was stopped at the border and must accept whatever process Congress provides him, or whether he is an inadmissible alien who enjoys some protection from the due process clause, and 2) we do not know what administrative procedures have been applied in his case. If the circumstances of petitioner's detainment by the INS are similar to those of Hoyte-Mesa, and if petitioner has been afforded administrative review like that provided under the Cuban Review Plan, then he would not have a procedural due process claim given current Seventh Circuit precedent. However, if petitioner gained entrance to the United States illegally, allowing him greater protection under the due process clause than an alien stopped at the border, or if he has not been provided with administrative procedures like those described in the Cuban Review Plan, then he may have a claim. For purposes of his *in forma pauperis* petition, we do not find that petitioner fails to state a claim. In order for his petition to survive a motion to dismiss, petitioner should provide us with more facts regarding the circumstances of his detention and the administrative procedures applied in his case. Because we first need more facts, we deny, for now, petitioner's motion for appointment of counsel.

## CONCLUSION

For the foregoing reasons, petitioner's motion to proceed *in forma pauperis* is granted and his motion for appointment of counsel is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 25, 2004.